UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RAYMOND MARKLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:14-cv-00399-JMS-WGH |
| | ) | |
| DICK BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Amended Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Raymond Markland fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his amended petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. WVE 14-07-083, Markland was found guilty of violating a rule at an Indiana prison by possessing intoxicants. The evidence favorable to the decision of the hearing officer is that during the evening of July 25, 2014 the reporting officer detected the smell of alcohol from the cell to which Markland was assigned at the Wabash Valley Correctional Facility. A search of the cell revealed a 20 oz. Pepsi bottle filled with an orange liquid and a 24 oz. green plastic bottle also filled with an orange liquid. Each bottle emitted a strong odor of an unknown alcoholic liquid. These findings supported the rule violation with which Markland had been charged and the imposition of sanctions followed. Contending that the proceeding was constitutionally infirm, Markland seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Markland received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Markland was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Markland's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes the following points. *First,* the evidence was not insufficient based on the absence of the liquid having been subjected to a forensic test. This court agrees that "identification of alcohol by laboratory testing is not required. Identification of alcohol based upon factors such as appearance or characteristic odor can be accepted as sufficient." *Morgan v. Campbell,* 2007 WL 776104, at *4 (E.D.Cal. Mar. 12, 2007) *report and recommendation adopted,* 2007 WL 1747483 (E.D.Cal. June 18, 2007), *aff'd,* 270 F. App'x 657 (9th Cir. 2008). *Second,* Markland has not identified exculpatory

evidence which was withheld from him. A plausible argument otherwise could be based on the absence of forensic evidence testing the contents of the bottles, but Markland had no right to such testing. *Jemison v. Knight*, 244 F. App'x 39, 42 (7th Cir. 2007)("No polygraph test was administered and Jemison's argument that the Board improperly refused his request for a test fails because he is not entitled to a lie-detector test at a prison disciplinary hearing as a matter of law.") (citing cases); *Holt v. Caspari,* 961 F.2d 1370, 1372 (8th Cir. 1992) (inmate was not entitled to have substance suspected to be drugs tested by a laboratory in prison disciplinary proceeding); *Cato v. Ives*, 2013 WL 1856101, at *5 (E.D.Ky. Apr. 30, 2013)("A prisoner also has no protected due process right in obtaining outside scientific or laboratory testing of evidence to be used against him, or requiring the prison to find, retain, and present an expert witness on his behalf in the disciplinary proceeding. Due process also does not require prison officials to administer a lie detector test upon an inmate charged with committing a prison infraction.")(footnote and internal citations omitted). *Third,* Markland's claim that he was denied an impartial decision maker is similarly without merit. A procedural due process right during a disciplinary hearing is the right to be heard before an impartial decision maker. *Hill,* 472 U.S. at 454. Federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997); *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003) ("Adjudicators are entitled to a presumption of honesty and integrity."). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Markland provides no proof that the hearing officer was not impartial. The hearing officer provided Markland with case law concerning the obligation of prison authorities to test the substance which was confiscated from Markland's cell, but exhibited no bias against Markland in

doing so. Markland has therefore failed to rebut the presumption that the hearing officer acted appropriately.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Markland to the relief he seeks. Accordingly, his amended petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: September 23, 2015

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Raymond Markland
No. 113377
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel